UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BERNARD STREETER,

        Plaintiff,

  - against -

MURPHY & DURIEU, LP,
LAWRENCE STANTON, THOMAS MCKEE,
and RICHARD RICCIARDI,

        Defendants.

----------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

05 CV 6394

JUDGE SWAIN

JUL 1 3 2005

U.S.D.C. S.D. N.Y.
CASHIERS

    Plaintiff, BERNARD STREETER, by and through his attorneys, Leeds Morelli & Brown,

P.C., alleges, upon knowledge as to himself and his own actions and upon information and belief

as to all other matters, as follows:

## JURISDICTION AND VENUE

1.    This is a civil action based upon the defendants' violation of the Age Discrimination in

    Employment Act, 29 U.S.C.§ 621 *et seq.*; the New York State Executive Law, Human Rights

    Law, § 290 *et seq.*; New York City Administrative Code Title 8; and any other cause of

    action which can be inferred from the facts set forth herein.

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4),1367,

    2201. The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state

    law causes of action.

3.      Venue is proper pursuant to 28 U.S.C. § 1391.

4.      The jurisdictional prerequisites to this lawsuit have been satisfied.  Plaintiff has filed a

formal administrative complaint with the Equal Employment Opportunity Commission

(charge number 160-2005-01411) and has received a Right to Sue letter dated May 25, 2005,

which is attached as Exhibit A.  This action is filed within 90 days of Plaintiff's receipt of

his Right to Sue letter.

## PARTIES

5.      Plaintiff, Bernard Streeter ("Streeter" or "Plaintiff"), was and still is a resident of the County

of Suffolk, State of New York.

6.      Defendant, Murphy & Durieu, LP ("M&D" or "Defendant"), was and still is a liability

partnership, doing business at 120 Broadway, New York, NY 10271.

7.      Defendant, Lawrence Stanton ("Stanton") was the Chief Financial officer of M&D.  Stanton

aided, abetted, compelled and/or incited the unlawful treatment set forth below. Stanton

works for M&D at 120 Broadway, New York, NY 10271.

8.      Defendant, Thomas McKee ("McKee") worked at M&D.  McKee aided, abetted, compelled

and/or incited the unlawful treatment set forth below.  McKee works for M&D at 120

Broadway, New York, NY 10271.

2

9.    Defendant, Richard Ricciardi ("Ricciardi") worked at M&D.  Ricciardi aided, abetted, compelled and/or incited the unlawful treatment set forth below. Ricciardi works for M&D at 120 Broadway, New York, NY 10271.

## FACTUAL BACKGROUND

10.    Plaintiff, Bernard Streeter ("Streeter" or "Plaintiff"), is a 49 year-old male.

11.    In September 1993, Plaintiff commenced employment with M&D as a convertible broker.

12.    On January 6, 2005, Plaintiff's employment was terminated.  Plaintiff was informed of his termination during a meeting attended by: Lawrence Stanton (approximately 55 years of age, Chief Financial Officer), Thomas McKee (approximately 43 years of age, Manager), and Richard Ricciardi (approximately 46 years of age, Manager).

13.    Plaintiff was told he was being terminated because of market conditions and lack of business.  However, this was not true. The business justification that was told to Plaintiff was a pretext.

14.    In regard to commissioned transactions, Plaintiff was outperforming his younger, similarly situated co-employees at the time he was terminated.  Therefore, Plaintiff earned more money for M&D than his younger, similarly situated co-employees.  For example,

3

Plaintiff was outperforming Ray Vargas (31 years of age) and Tim O'Brien (27 years of age). Accordingly, there was no legitimate business reason to terminate Plaintiff's employment.

15.    Upon information and belief, following Plaintiff's termination, his accounts were distributed to Ray Vargas and Tim O'Brien.

## CLAIMS FOR RELIEF

16.    The Plaintiff has been subject to unlawful discrimination based on his age. These actions are in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; New York City Administrative Code Title 8 and the New York State Executive Law, Human Rights Law, § 290 *et seq*.

17.    As more fully set forth above, the individual defendants aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law § 296(6) and the New York City Administrative Code Title 8.

18.    By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with his employment in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants, where applicable, for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.


Dated: Carle Place, New York
      July 7, 2005

                    Respectfully Submitted,

                    LEEDS, MORELLI & BROWN, PC
                    *Attorneys for Plaintiff*
                    One Old Country Road, Suite 347
                    Carle Place, New York 11514
                    (516) 873-9550

                    RICK OSTROVE (RO-7248)
                    GREGORY SCOLIERI (GS-3501)

Exhibit A

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: **Bernard Streeter**<br>105 Southdown Road<br>Huntington, NY 11743 | From: **New York District Office**<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-01411 | **William Lai,**<br>Supervisory Investigator | (212) 336-3676 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

**Spencer H. Lewis, Jr.,**
**Director**

5/25/05
(Date Mailed)

cc: **MURPHY & DURIEU**
120 Broadway
17th Floor
New York, NY 10271

Greogory Scolieri, Esq.
1 Old Country Road
Suite 347
Carle Place, NY 11514